JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-05532-RGK-PLA | Date | December 15, 2017 |
|---|---|---|---|
| Title | *Masters v. Obama* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: (DE 28) Defendants' Motion to Dismiss

## I. INTRODUCTION

On July 26, 2017, Plaintiff William Masters ("Masters") filed a Complaint ("Complaint") against Former President Barack Obama, Senator Alan Franken, the National Aeronautics and Space Administration, the National Oceanic and Atmospheric Administration, and the Environmental Protection Agency (collectively, "Defendants"). In the Complaint, Masters makes two claims of constructive fraud against the Defendants.

Presently before the Court is Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). For the reasons below, the Court **GRANTS** Defendants' Motion.

## II. FACTUAL BACKGROUND

Masters is a physicist residing in Reseda, California. Defendants are the former U.S. President, a U.S. Senator, and several federal government agencies. According to Masters, Defendants have made false representations pertaining to climate change that have caused him harm. Specifically, Masters asserts that Defendants made fraudulent claims when they used the phrase climate change in various media to refer to the theory that humans have caused the planet's rising temperature through carbon dioxide emissions. (Compl. ¶ 15, ECF No. 1.) Masters calls this theory "Anthropogenic, carbon-dioxide caused, global warming," or "AGW." *Id.* In fact, Masters alleges, Defendants knew when they made these representations that AGW is not the cause of rising temperatures. (Compl. ¶¶ 15–19.)

Defendants' fraudulent misrepresentations about carbon dioxide's role in the earth's changing climate, Masters asserts, have caused irreparable harm to the country by diverting tax revenues away from needed spending for the purpose of enriching Defendants' political allies and bankrupting their political adversaries. (Compl. ¶¶ 18, 30.) Masters also contends that Defendants' misrepresentations have harmed him and other scientists "via outright blacklisting, censoring my scientific papers, denying

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-05532-RGK-PLA | Date | December 15, 2017 |
|---|---|---|---|
| Title | *Masters v. Obama* | | |

my work primacy, [] getting other scientists fired, or getting their funding cancelled." (*Id.* ¶ 19.) In particular, Masters alleges that his 1997 paper was removed from peer-reviewed journals and that he was denied the 2012 Nobel Prize as a result of the Defendants' misrepresentations. (*Id.* ¶ 32)

Accordingly, Masters seeks an injunctive order compelling Defendants to publically admit to their misrepresentations, to cease claiming AGW is real and to "remove from all media sources any and all products alleging AGW warming." (*Id.* ¶ 77) He does not seek monetary damages.

### III. JUDICIAL STANDARD

A party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To show standing, a plaintiff must demonstrate (1) an injury-in-fact that is (2) fairly traceable to defendant's conduct and that (3) the court may adequately redress. *Id.* at 560–61. "The party invoking federal jurisdiction bears the burden of establishing [standing]." *Id.*

### IV. DISCUSSION

Defendants argue that Masters lacks standing to pursue his claims against them. The Court agrees.

To have standing in federal court, a plaintiff must allege an injury that is "concrete and particularized," as distinct from merely "hypothetical or conjectural." *Spokeo, Inc v. Robins*, 136 S. Ct. 1540, 1548 (2016). "For an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." *Id.* Here, Masters alleges several possible injuries-in-fact: (1) the diversion of tax revenues away from needed spending; (2) the bankrupting of the coal and oil sectors; (3) harm to the financial coffers' of Defendants' political opponents; (4) harm to scientists who dispute the AGW theory; (5) his blacklisting from several scientific journals; and (6) his failure to receive the 2012 Nobel Prize in Astrophysics. The first four of these injuries are insufficiently "particularized" because they reflect "generalized grievances" indistinct from those affecting the public as a whole. *See Arakaki v. Lingle*, 477 F.3d 1048, 1060–61 (9th Cir. 2007) (citing *Frothingham v. Mellon*, 262 U.S. 446 (1923)).

Further, even if the latter two injuries—Masters' alleged blacklisting from scientific journals and the denial to him of the 2012 Nobel Prize—constitute concrete and particularized injuries, those

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:17-cv-05532-RGK-PLA | Date | December 15, 2017 |
|---|---|---|---|
| Title | *Masters v. Obama* | | |

injuries must be "fairly traceable" to the Defendants' actions and redressable by the Court. *See Lujan*, 504 U.S. at 560–61. To be "fairly traceable" to the Defendants' conduct, an injury "cannot be 'the result of the independent action of some third party not before the court." *Pritikin v. Dep't of Energy*, 254 F.3d 791 (9th Cir. 2001) (citing *Lujan*, 504 U.S. at 560)). Masters' blacklisting or failure to receive the Nobel Prize could have been the result of independent decisions by numerous third parties—for example, the Nobel Committee or the staff of various scientific journals. Moreover, Masters himself admits that neither Obama nor Franken held public office when Masters was allegedly blacklisted in 1997. The causal chain is thus "too weak" to support standing. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1070 (9th Cir. 2011) (citing *Allen v. Wright*, 468 U.S. 737 (1984)).

Accordingly, Masters lacks standing, and the Court does not have subject matter jurisdiction to hear this case. The Court therefore grants Defendants' Motion to Dismiss under Rule 12(b)(1).[1]

### V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss under Rule 12(b)(1).

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____

---

[1] Because the Court finds that Masters lacks standing, the Court does not address Defendants' Rule 12(b)(6) Motion.